## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1864.

J. H. CORDING AND J. WILSON *vs.* THE MINISTER OF FINANCE.

AN agriculturist purchasing in bond, articles, included in that portion of the 517th Section of the Civil Code, denominated the Free List, from the original consignee, can not be regarded as the importer of the goods, and therefore not exempted from the payment of the duties.

Justice ROBERTSON delivered the decision of the Court, as follows :

This is an amicable suit, submitted to the decision of the Court upon an agreed statement of facts, under the provisions of Section 1140 of the Civil Code, for the purpose of determining the claim of Messrs. Cording & Wilson, to have a sugar mill and two centrifugal machines entered inwards, at the Custom House, free of duty.

It appears that the sugar mill and machines in question arrived at Honolulu, in the month of August, 1863, on board the schooner "Domitila," and that they were consigned by George Forrester & Co., of Liverpool, England, to Janion, Green & Co., merchants here, by whom they were entered "in bond." In the month of April, 1864, Messrs. Janion, Green & Co. sold the said mill and machines to Cording & Wilson, "in bond," and the same were then transferred to Cording & Wilson on the books of the Custom House. Cording & Wilson then applied to the Collector-General of Customs, to enter the mill and machines inwards, for use, free of duty, under the provisions of Section 517 of the Civil Code, but the said application was refused, under instructions from the Minister of Finance.

That part of the 517th Section of the Civil Code, being a portion of what is called the Free List, and under which it is claimed that the sugar mill and centrifugal machines, should be permitted to pass inwards free of duty, for home use, reads as follows :

"Steam engines, sugar, coffee and rice mills, plows, hoes and other implements of husbandry, imported by, or for any agriculturist, or body of agriculturists, for his or their especial use."

It is admitted on the part of the Government, that Cording & Wilson are agriculturists, within the meaning of the statute; and it is argued on their behalf that they are the importers of the machinery in question, and therefore entitled to enter the same duty free. It is contended by their counsel that the importation of goods, in instances like the present, is divisible into three separate stages or acts, viz : the bringing of the goods from a foreign country to this ; the landing of the goods and placing them in bond ; and the entry of the goods, inwards, for use or consumption in this Kingdom. It is argued, therefore, that in such cases, the importation is not complete, nor the goods subject to the payment of import duty, till the third or last stage, namely, the entry inwards for use or consumption in this country. In support of this point, counsel has referred to the opinion given by Justice Robertson, on behalf of the Judges, to the Hon. D. L. Gregg, late Minister of Finance, on the 23d June, 1859, upon certain questions which arose out of the ratification of the new treaty with France.

One of the questions put to the Judges by the Minister of Finance on that occasion was this : When the 10th Article of the French treaty, or the new tariff of 1859, goes into effect, will bonded spirits and wines, or other goods, previously imported, be legally subjected to the old or new rates of duty ? The answer given to this question was, in substance, that the importer, by his bond, undertakes to pay only the duties to which the goods may be liable at the time they are withdrawn from bond ; that so long as goods remain in bond, they have not yet become absolutely liable to the payment of any import duty ; that the goods may be reshipped out of the Kingdom, without the payment of any duty ; and that, therefore, the importation of goods for home consumption may, so far as the law regulating the payment of import duties is concerned, be regarded as still incomplete while the goods remain in bond.

But that opinion does not cover the questions raised by the case now before us—it is not in point. The question here is not, when shall the importation of goods, for home use or con-

sumption, be regarded as complete ? Under the 517th Section of the Civil Code, there are two questions raised by the present case, viz : first, who must be regarded in the eye of the law as the importer of the articles in question ? and, secondly, are those articles liable to duty, or may they be entered free ? In this case, the decision of the first question carries with it the decision of the second also ; because if the importer is an agriculturist, or body of agriculturists, and have imported the articles for his or their especial use, the articles should be entered free.

There are, speaking generally, three parties, either of whom may be regarded as the importer of goods, in contemplation of law : Firstly, a person residing in this Kingdom who orders or purchases the goods abroad on his own account, and to whom they are consigned here ; secondly, a person residing in this Kingdom, to whom goods are consigned by the owner abroad, for sale or otherwise ; thirdly, a person who comes here with goods from abroad, of which he is the owner or to whose order they are consigned, and who enters them at the Custom House.

Now, it is apparent that Cording & Wilson do not answer to either of these parties. The articles in question were consigned by the foreign owner to Janion, Green & Co., for sale, and they entered the articles at the Custom House, and placed them in bond to wait for a purchaser. Janion, Green & Co. are, therefore, the importers, within the meaning of the law, and Cording & Wilson are merely purchasers in bond from the importers. The fact that Cording & Wilson assumed the liability for duties, in addition to the price of the articles, does not make them the importers within any recognized acceptation of that term ; and they cannot legally claim to have the articles entered duty free.

It may be true, as stated by counsel, that the diplomatic representatives of foreign nations have been permitted to enter, free of duty, goods purchased by them, here, in bond, for their own use ; and that a similar privilege has been allowed to the Hawaiian Steam Navigation Company, in the article of coal ; but the fact that a lax administration of the law may have obtained in a few instances, affords no guide for the Court. It is our duty, when called upon to decide judicially, to decide

according to what we believe to be the proper construction of the statute.    It should be observed too that the foreign representatives may expect their privilege to be regulated by international comity, and not by the statute.

We order, accordingly, that judgment be entered in favor of the defendant, as of the last day of the October Term.

Mr. Montgomery, for the plaintiffs.

The Attorney-General, for the Government.